NO. 07-02-0363-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JUNE 20, 2003

_____

NOEL TAYLOR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 43,185-D; HONORABLE DON EMERSON, JUDGE

_____

Before REAVIS and CAMPBELL, JJ., and BOYD, S.J.[1]

On May 7, 2001, as a result of his plea of guilty to the charge of robbery, and a plea bargain agreement, appellant was granted deferred adjudication and was placed on probation (community supervision) for a period of three years. On June 27, 2002, after a

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

hearing on the State's application to revoke probation and proceed to adjudication, the trial court revoked the probation and ordered appellant to serve 12 years confinement in the Institutional Division of the Department of Criminal Justice.

On January 15, 2003, appellant's appellate counsel filed an *Anders* brief with this court. *See Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In his brief, counsel certifies that after careful examination of the record, he has concluded that appellant's appeal is without merit. In his brief, counsel certified that he supplied a copy of the brief to appellant. On January 21, 2003, the clerk of this court notified appellant that the appellate brief, which showed a copy had been furnished to appellant, and a motion to withdraw had been filed with the court. The court *sua sponte* granted an extension of time within which to file a pro se brief, if appellant wished to do so. Subsequently, this court received a pro se motion for extension of time within which to file an appellate brief, and we granted an extension to March 24, 2003. However, no such brief has been filed since that time, and neither have we received a motion seeking additional time within which to file a brief.

Before allowing counsel to withdraw, we must first satisfy ourselves that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal, and then we must determine whether counsel has correctly concluded the appeal is frivolous. *See McCoy v. Court of Appeals of Wisconsin,* 486 U.S. 429, 442, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988).

2

Initially, appellant points out that the first "clear" notice of appeal was filed on August 26, 2002, 61 days after the date sentence was imposed. In his discussion, he points out the provision in Texas Rule of Appellate Procedure 26.2(a)(1) that a notice of appeal must be filed within 30 days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order. Without a timely filed notice of appeal, an appellate court lacks jurisdiction over the appeal. *See Slanton v. State,* 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

However, counsel points out there are two other "curious" documents in the clerk's record. One of those documents is a letter to the court dated July 19, 2002, that in part states, "I ask for a new trial . . ." and purports to be signed by appellant. The second is dated July 25, 2001, and asks the trial court ". . . how can I appeal my case . . . ." In considering those documents, and in pursuance of his duty as an officer of the court, counsel points out that the signatures on those two documents are different from the signatures on other documents contained in the clerk's file, and neither of them purports to be signed by an attorney acting for appellant. However, in the interests of justice and judicial economy, we will consider the first document to satisfy the requisites for a motion for new trial. Viewed in that light, a notice of appeal filed within 90 days after the date sentence was imposed would be timely. *See* Tex. R. App. P. 26.2(a)(2). Because the notice of appeal was filed within that 90-day period, we will consider it as timely filed.

In his brief, appellant sets out three points of discussion. In the first, he mentions the possibility that a notice of appeal was not timely filed. We have dealt with that question above and will not discuss it further. In the second point, he certifies that he has reviewed the original plea of guilty and, after examination, concludes that the record shows that the guilty plea and the waiver of specific constitutional and statutory rights was properly explained. He also certifies that the record shows that appellant was properly warned of the consequences of community supervision (probation) and the fact that if those conditions were violated, there was no right to appeal the decision to proceed with an adjudication of guilt.

In his brief, counsel certifies that he examined the record of the adjudication proceedings and finds that, based upon the evidence adduced at those proceedings, the trial court did not abuse its discretion in arriving at the adjudication of guilt. He also states that the record shows the trial court properly proceeded to a sentencing hearing and the record does not show the trial court abused its discretion in the sentence assessed. In his third point and in argument under that point, counsel also certifies that he examined the record to see if appellant was not rendered the effective assistance of counsel, but he finds it demonstrates that appellant was afforded effective assistance at all proceedings.

We have also made an independent examination of the record to determine if there are any arguable grounds that might support the appeal. *See Penson v. Ohio*, 88 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), and *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.

4

Crim. App. 1991). We have found no such grounds and agree with counsel that the appeal is without merit and is frivolous. *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974).

Accordingly, counsel's motion to withdraw is granted and the judgment of the trial court is affirmed.

John T. Boyd
Senior Justice

Do not publish.